# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

GERALDINE BUCKHANON
on behalf of J. H., a minor,

                Plaintiff,

     v.                                         Case No. 08-CV-221

MICHAEL J. ASTRUE, Commissioner for
Social Security Administration,

                Defendant.

_____

# ORDER

On March 12, 2008, Geraldine Buckhanon ("Buckhanon") filed a complaint on behalf of her granddaughter, J. H., seeking review of the denial of her claim for social security disability benefits pursuant to 42 U.S.C. § 405(g). In connection with her complaint, Buckhanon filed a motion to proceed in forma pauperis.

Title 28 U.S.C. § 1915 is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action and still be able to provide for "the necessities of life." *Adkins*, 335 U.S. at 339.

Buckhanon's petition for leave to proceed in forma pauperis indicates that she is unemployed, has $15 in savings, does not own a car or real estate, and is responsible for the care of two minors. The petition indicates that Buckhanon receives $1,547 per month through disability benefits, supplemental security income,

and kinship for J. H. The petition also indicates that Buckhanon monthly expenses amount to $1,114, and she has $400 in credit card debt. Thus, according to the petition, Buckhanon is unable to pay the $350 filing fee in this action without undue hardship or deprivation of life's necessities. *See Adkins*, 335 U.S. at 339. Accordingly, the court concludes that the plaintiff has demonstrated the requisite financial need to proceed in forma pauperis.

The plaintiff next must demonstrate that her action has merit as required by 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993).

Under 42 U.S.C. § 405(g), the plaintiff has the right to obtain review of the Social Security Commissioner's decision. The standard of review that the district court is to apply in reviewing the Commissioner's decision is whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003). Here, the plaintiff asserts in her complaint that the Commissioner's decision was not supported by substantial evidence. Given that the court has not yet had the opportunity to review the evidence or the Commissioner's decision in the plaintiff's case, it would be inappropriate for the court to decide at this early juncture that the plaintiff's claim has no basis in either fact or law. Thus, there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision and the plaintiff's appeal therefore may have merit, as defined by 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly,

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 14th day of March, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge